BASHAW *v.* UNITED STATES.

*(Circuit Court, E. D. Missouri, E. D.   June 15, 1891.)*

1. **DISTRICT ATTORNEYS—COMPENSATION.**
     Services rendered by a United States district attorney in defending an action brought against the United States by an ex-district attorney for fees alleged to have been earned by the latter while in office fall within Rev. St. U. S. § 824, and he cannot recover as compensation for such services more than $10, the amount fixed by said section for fees of attorneys in actions at law.

2. **SAME—VIOLATION OF REVENUE LAWS.**
     Rev. St. U. S. § 838, makes it the duty of a district attorney to institute proceedings for the violation of internal revenue laws, reported to him by the collector, "unless upon inquiry and examination he shall decide that such proceedings cannot possibly be sustained, or that the ends of public justice do not require that such proceedings be instituted," and provides that in such cases the district attorney shall receive such sum as the secretary of the treasury shall deem just and reasonable, on the certificate of the judge before whom such cases are tried and disposed of. *Held,* that a district attorney may recover reasonable compensation for services rendered and expenses incurred in making an examination into alleged violations of the internal revenue laws, reported to him by the collector, though no proceedings are instituted in court. Following *In re Account of District Attorney,* 23 Fed. Rep. 26.

3. **SAME—VIOLATION OF IMMIGRATION LAWS.**
     The district attorney is not entitled to fees for services performed in actions instituted by him to recover penalties for alleged violation of the immigration laws by the importation of aliens under a contract to labor, where such suits were eventually compromised and dismissed by the government without any judgment being rendered; there being no statute giving fees in such cases.

4. **SAME—FORFEITURE—CHARTER OF NATIONAL BANK.**
     For services performed by the district attorney in bringing a suit against a national bank, and obtaining a forfeiture of its charter, he is not entitled to more than $10, the fees prescribed by section 824; there being no other law of the United States giving a compensation to a district attorney for such services.

At Law.
*Thomas M. Knapp*, for plaintiff.
*George D. Reynolds*, U. S. Atty., for defendant.

### FINDINGS.

THAYER, J. 1. Under the first count of the petition the court finds the facts to be substantially as therein stated,—that is to say, the court finds that William H. Bliss, late United States district attorney for this district at the time stated in the petition, sued the United States for fees earned as district attorney; that Thomas P. Bashaw, the plaintiff herein, who was United States district attorney for the eastern district of Missouri at the time said suit was brought, defended the same for and in behalf of the United States, and rendered the services in the petition stated; that the services so rendered were of the value stated in the petition,—that is to say, of the value of $500; and that the plaintiff has only been paid on account of said services the sum of $10.

2. The court further finds the facts to be as stated in the second and third counts of the petition; that is to say, the court finds that between the 28th day of January, 1887, and the 1st day of July, 1888, the collector of internal revenue for the first collection district of Missouri reported to the plaintiff herein (who was then United States district attorney for the eastern district of Missouri) divers and sundry cases of alleged violations of the internal revenue laws of the United States, to the number of 165. That the plaintiff inquired into and examined each of said cases, and upon such inquiry and examination decided that proceedings therein could not probably be sustained, and that the ends of justice did not require that such cases should be prosecuted; and that he thereupon made a report of the facts in such cases to the commissioner of internal revenue for his direction. The court finds that the plaintiff's services were reasonably worth the sum of $5 in each of said cases, to-wit, the sum total of $825. That between the 1st day of July, 1888, and the 31st day of December, 1888, he made like examination and report in 47 other cases of alleged violations of the internal revenue laws, which were reported to him by said collector of internal revenue. That the plaintiff's services in each of the said 47 cases was likewise reasonably worth the sum of $5 per case, or the total sum of $235.

3. The court also finds the facts to be substantially as stated in the fourth count of the petition herein,—that is to say, the court finds that plaintiff, as district attorney, on the 31st day of August, 1888, brought 12 suits in the name of the United States against Harry A. Schmidt, to recover penalties for the importation by him of 12 aliens into this country, when they were under contract to perform labor in the United States; that the plaintiff, during the time he was district attorney, rendered services for and in behalf of the United States in said suits that were reasonably worth the sum of $300; that said 12 suits were pending and undetermined in the United States circuit court at the time the plaintiff herein was removed from office as district attorney; and that said 12

suits were eventually compromised and dismissed by the government without any judgment being rendered therein.

4. The court also finds the facts to be substantially as stated in the fifth count of plaintiff's petition; that is to say, the court finds that on the 25th day of November, 1887, the plaintiff herein, by direction of the comptroller of the currency, brought an action in the United States circuit court for the eastern district of Missouri to forfeit the charter of the Fifth National Bank of St. Louis, Mo., and in the course of said proceedings obtained a decree of forfeiture on the 21st day of May, 1888; that the plaintiff's services in conducting said suit were reasonably worth the sum stated in said petition, to-wit, the sum of $1,000, and that he has received nothing on account of said services. The court further finds that the plaintiff entered upon the discharge of his duties as United States district attorney for the eastern district of Missouri on the 28th day of January, 1887, and that his successor in office was duly appointed and qualified on the 28th day of May, 1889.

### CONCLUSIONS OF LAW.

*First.* The plaintiff is not entitled to recover on the first count of the petition. The fee which a United States district attorney is entitled to recover for services such as were rendered in the case of *Bliss* v. *United States*, mentioned in the first count of the petition, is determined by section 824, Rev. St. U. S., and it appears that the plaintiff has already received the compensation prescribed by that section, to-wit, $10.

*Second.* Plaintiff is entitled to recover the sum of $825 under the second count of the petition, and the sum of $235 under the third count of the petition. In so deciding, the court adheres to the views expressed by Judge TREAT, (23 Fed. Rep. 26–29,) that under section 838, Rev. St. U. S., a district attorney may recover reasonable compensation for services rendered and expenses incurred in making an examination into alleged violations of the internal revenue laws, reported to him by the collector, although no proceedings are instituted in court.

*Third.* I conclude that plaintiff is not entitled to recover under the fourth count of the petition. I know of no provision of law that would authorize the court to render a judgment against the United States on the state of facts alleged and proven to sustain that count.

*Fourth.* I also conclude that plaintiff is not entitled to recover more than $10 under the fifth count of the petition. There seems to be no statute of the United States giving compensation to a district attorney for such services as are described in that count, unless it be section 824. I conclude that he is entitled to a judgment in the sum of $10, by virtue of section 824, on the fifth count.

A judgment as herein indicated on the second, third, and fifth counts will accordingly be entered.